EFRAIN AGUILERA
8722 S. Fir Avenue
Los Angeles, CA 90002

DEBTOR IN PRO PER

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA LOS ANGELES DIVISION

| | |
|---|---|
| In Re:<br><br>EFRAIN AGUILERA<br><br>Debtor(s) | CASE NO. 2:20-BK-18861-SK<br><br>CHAPTER 13<br><br>NOTICE OF MOTION AND MOTION FOR AN ORDER VACATING THE ORDER OF DISMISSAL ENTERED ON OR ABOUT DECEMBER 10, 2020 AND FOR REINSTATEMENT OF THE DEBTOR'S CHAPTER 13 CASE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF DEBTOR IN SUPPORT THEREOF<br><br>DATE: FEBRUARY 4, 2021<br>TIME: 09:00 A.M.<br>CRTRM: 1575<br>PLACE: 255 E TEMPLE ST., 15TH FLOOR<br>LOS ANGELES, CA 90012 |

# NOTICE

**TO THE HONORABLE SANDRA R. KLEIN, UNITED STATES BANKRUPTCY JUDGE, THE CHAPTER 13 TRUSTEE, AND ALL OTHER INTERESTED PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** at the above date, time and place, the Debtor Notice is hereby given that the above debtor EFRAIN AGUILERA will move this Court for an order vacating the order of dismissal previously entered on or about DECEMBER 14, 2020.

This Motion is based upon this Notice of Motion, the attached memorandum of points and authorities, the case file, the attached declarations of the Debtor, and any such other evidence as may be presented at or before the hearing.

**Pursuant to Local Bankruptcy Rule 9013-1(f), any response to this motion shall be filed with the Clerk of the Court and served on all interested parties no later than fourteen (14) days prior to the above hearing date. Failure to do so may be deemed as a waiver of the objection to the foregoing.**

Dated: DECEMBER 16, 2020                    RESPECTFULLY SUBMITTED,

                                            EFRAIN AGUILERA, IN PRO PER

                                            _____
                                            Debtor In Pro Per

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### STATEMENT OF JURISDICTION

This Court has jurisdiction over this matter pursuant to Title 11 of the United States Bankruptcy Code (hereinafter "11 U.S.C.) §§ 105 and Rules 5010, 8002, 9006, 9013, 9022, and 9024 of the Federal Rules of Bankruptcy Procedures.

### II.

### STATEMENT OF FACTS

1. On September 30, 2020, Debtor Efrain Aguilera (hereinafter "Debtor") filed for protection under Chapter 13, case no. 2:20-18861-SK in order to reorganize the Debtor's debts and avoid Junior lien on his underwater value residence at 8722 S. Fir Avenue, Los Angeles, CA 90002

2. The Meeting of creditors was scheduled for November 6, 2020 at 9:00 AM via Videoconference. Debtor did attend.

3. On November 24, 2020 I filed an amended Chapter 13 Plan stating that I will file a motion to avoid junior lien on my property.

4. The Confirmation hearing was scheduled for December 10, 2020 at 10:00 AM Crtrm 1575, 255 E. Temple St., Los Angeles, CA 90012.

5. Debtor is current with the payments for the Chapter 13 Trustee and also for the mortgage (1st deed of trust). Debtor intends to file a motion to avoid junior lien on Trinity Financial (2nd Deed of Trust on principal residence).

6. Due to lack of knowledge of new procedures the bankruptcy court as the results of Covid-19, Debtor was confused and naïve on the way to access the computer to attend the Confirmation hearing.

7. On December 10, 2020 before 10 a.m., Debtor called the Chapter 13 Trustee several times but he was unable to access the court website as required.

8. As such, the Debtor is requesting that the order dismissing the case be vacated and that the case be reinstated so that the Debtor can attend the new confirmation hearing and be able to file the motion to avoid junior lien on debtor's residence.

9. Debtor is current and will be current with the Chapter 13 Trustee payments as required to have the case open.

## III.

## LEGAL ARGUMENT

### A. THIS COURT IS EMPOWERED TO VACATE THE ORDER OF DISMISSAL.

Federal Rule of Bankruptcy Procedure 9024 provides that Federal Rules of Civil Procedures (hereinafter "FRCP") 60 applies in cases under the code. FRCP 60(b) provides in pertinent part:

"On Motion and upon such terms as are just the Court may relieve a party or a parties legal representative from a final judgment, order or proceeding for the following reasons:

(1) Mistake, inadvertence, surprise, or excusable neglect;

(2) Newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); …or [Emphasis Added]

(3) Any other reason justifying relief from the operation of judgment…"

In this case, vacating the dismissal order and reinstating the Debtor's Chapter 13 is justified because it was the Debtor **miss understanding, and mistake of** the new procedures as per Covid-19 Bankruptcy court order(s).

### B. THE BANKRUPTCY COURT HAS BROAD EQUITABLE POWERS AND MAY FASHION REMEDY TO ACHIEVE AN EQUITABLE RESULT.

1        11 U.S.C. §105(a) in its pertinent part states that, "The court may issue any order,

2  process, or judgment that is necessary or appropriate to carry out the provisions of this title..."

3  The Ninth Circuit has previously held that, "A bankruptcy court has continuous power to vacate

4  or modify its own orders, if no intervening or vested rights are disturbed." In re Casaudoumecq,

5  46 F. Supp. 718, 723 (S.D. Cal. 1942), citing Federal Land Bank v. Hansen, 113 F.2d 82; Wayne

6  Union Gas Co. V. Owens-Illinois Glass Co., 43 B.R. 797, 806-07 (Bankr. D. Utah, 1984).

7        At this time, Debtor is aware on the two different locations, and Debtor assures that if his

8  case is reinstated, he will attend the meeting of creditors at the correct location. Debtor also

9  understand and agree that any action taken by Creditors prior to reinstatement of the case is not

10 be subject to stay protection and that this order will not have retroactive effect.

## IV.

## CONCLUSION

13       Because the dismissal order was entered as a result of Debtor's failure to access the Court

14 website and due to new procedures as the result of the Covid-19, Debtor respectfully request that

15 the order of dismissal entered on December 10, 2020 be vacated and the case reinstated so that

16 the Debtor can attend to the confirmation hearing as required. Such order would be equitable and

17 consistent with the spirit of the Bankruptcy Code.

19 Dated: DECEMBER 16, 2020           RESPECTFULLY SUBMITTED,

                                          EFRAIN AGUILERA, IN PRO PER

                                          DEBTOR IN PRO PER

## DECLARATION OF DEBTOR, EFRAIN AGUILERA
## IN RE U.S.B.C. CASE NO.: 2:20-BK-18861-SK

I, EFRAIN AGUILERA, declare:

I know the following facts to be true from my own personal knowledge, except those facts which are stated on information and belief and as to those facts I believe them to be true. I could and would competently testify under oath to the truthfulness of the following facts:

1. On September 30, 2020, I, Efrain Aguilera (hereinafter "Debtor") filed for protection under Chapter 13, case no. 2:20-18861-SKin order to reorganize my debts and avoid Junior lien on my underwater value residence at 8722 S. Fir Avenue, Los Angeles, CA 90002

2. The Meeting of creditors was scheduled for November 6, 2020 at 9:00 AM via Videoconference. I did attend.

3. On November 24, 2020 I filed an amended Chapter 13 Plan stating that I will file a motion to avoid junior lien on my property.

4. The Confirmation hearing was scheduled for December 10, 2020 at 10:00 AM Crtrm 1575, 255 E. Temple St., Los Angeles, CA 90012.

5. I am current with the payments for the Chapter 13 Trustee and also for the mortgage (1st deed of trust). I do intend to file a motion to avoid junior lien on Trinity Financial (2nd Deed of Trust on my principal residence).

6. Due to lack of knowledge of new procedures the bankruptcy court as the results of Covid-19, I was confused and naïve on the way to access the computer to attend the Confirmation hearing.

7. On December 10, 2020 I did call the Chapter 13 Trustee several times because I was unable to access the court website as required.

8. As such, I am requesting that the order dismissing the case be vacated and that the case be reinstated so that the I can attend the new confirmation hearing and be able to file the motion to avoid junior lien on my principal residence.

9. I am and will be current with the Chapter 13 Trustee payments as required to have the case open.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and complete to the best of my knowledge, Executed at Los Angeles, California on this 16TH Day of December 2020.

_____
EFRAIN AGUILERA

# PROOF OF SERVICE BY MAIL

I, MARCO POLO declare that:

I am employed in the County of Los Angeles, California. My business address is: 3250 Wilshire Blvd., Los Angeles, CA 90010. I am over the age of eighteen years and not a party to this cause.

On December 16, 2020, I served the NOTICE OF MOTION AND MOTION FOR AN ORDER VACATING THE ORDER OF DISMISSAL ENTERED ON OR ABOUT DECEMBER 10, 2020 AND FOR REINSTATEMENT OF THE DEBTOR'S CHAPTER 13 CASE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF DEBTOR IN SUPPORT THEREOF in said cause by placing a true and correct copy thereof enclosed in a sealed envelope with postage thereon fully prepaid in the United States Mail at Los Angeles, California, addressed as follows:

TRUSTEE
KATHY A DOCKERY (TR)
801 FIGUEROA STREET, SUITE 1850
LOS ANGELES, CA 90017

JENNIFER C. WONG, ESQ. SBN 246725
MCCARTHY & HOLTHUS, LLP
411 IVY STREET
SAN DIEGO, CA 92101

ALVARADO SMITH
A PROFESSIONAL CORPORATION
ATTORNEYS FOR TRINITY FINANCIAL SERVICES
1 MACARTHUR PLACE, SUITE 200
SANTA ANA, CALIFORNIA 92707

BARRET DAFFIN FRAPPIER
TREDER & WEISS, LLP
4004 BELT LINE RD STE 100
ADDISON, TX 75001

(X) See Attached additional service list

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on December 16, 2020 at Los Angeles, California.

*/s/ Marco Polo*
MARCO POLO

# Creditors

**Bank of America**  
PO Box 15019  
Newark, DE 19713

(40494817)  
(cr)

**Citi**  
PO Box 6403  
Sioux Falls, SD 57117

(40494818)  
(cr)

**FRANCHISE TAX BOARD**  
BANKRUPTCY SECTION MS A340  
PO BOX 2952  
SACRAMENTO CA 95812-2952

(40521979)  
(cr)

**JP Morgan Chase Bank, National Association**  
c/o Chase Records Center  
Attn: Correspondence Mail  
Mail Code LA4-5555  
700 Kansas Lane  
Monroe, LA 71203

(40523063)  
(cr)

**Jpmcb Home**  
700 Kansas Lane  
Monroe, LA 71203

(40494819)  
(cr)

**Pinnacle Credit Services, LLC**  
Resurgent Capital Services  
PO Box 10587  
Greenville, SC 29603-0587

(40503892)  
(cr)

**T-Mobile**  
PO Box 37380  
Albuquerque, NM 87176

(40494820)  
(cr)

**Trinity**  
61O Newport Center Drive  
Newport Beach, CA 92663

(40494821)  
(cr)

**Trinity Financial Services, LLC**  
2618 San Miguel Drive, Suite 316  
Newport Beach, CA 92660

(40552042)  
(cr)